UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAYA PYSKATY,

                     Plaintiff,

     - against -

WIDE WORLD OF CARS, LLC d/b/a WIDE
WORLD BMW; BMW BANK OF NORTH
AMERICA,

                 Defendants.

Civil Action No.:
1:15–CV–1600 (JCM)

## DEFENDANT WIDE WORLD OF CARS, LLC d/b/a WIDE WORLD BMW'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Keith V. LaRose, Esq.

LaRose & LaRose, Esqs.

510 Haight Avenue
Poughkeepsie, New York 12603
Tel: (845) 454-2001
laroseandlarose@gmail.com
*Attorneys for Defendant*
*Wide World of Cars, LLC d/b/a*
*Wide World BMW*

## TABLE OF CONTENTS

INTRODUCTION  -  Page 1

RELEVANT FACTS – Page 2-7

STANDARD OF REVIEW ON SUMMARY JUDGMENT – Page 7 & 8

ARGUMENTS:

ARGUMENT I   -   Page 8-11
ARGUMENT II  -   Page 11-13
ARGUMENT III -   Page 13-14
ARGUMENT IV -   Page 14-16
ARGUMENT V  -   Page 16-18
ARGUMENT VI -   Page 18-20
ARGUMENT VII -  Page 20-21

CONCLUSION –    Page 21-22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
MAYA PYSKATY,

        Plaintiff,

        -against-

WIDE WORLD OF CARS, LLC D/B/A WIDE
WORLD BMW AND BMW BANK OF NORTH
AMERICA,

        Defendants.
-----------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SUMMARY JUDGMENT MOTION**
Case No:15CV 1600JCM

## INTRODUCTION

This Memorandum of Law is submitted by the defendant WIDE WORLD OF CARS, LLC D/B/A WIDE WORLD BMW (hereinafter referred to as "Wide World" or "defendant") in Opposition to Plaintiff's Motion for Summary Judgment. Insomuch as this defendant has already filed its' own Motion for Summary Judgment with an accompanying Memorandum of Law, that Memorandum of Law will be submitted as an exhibit to my Declaration in Opposition to plaintiff's Motion for Summary Judgment. That Memorandum of Law addresses defendants' arguments that (1) all of the plaintiff's causes of action fail as a matter of law on the basis that the implied warranties claimed by plaintiff were all properly disclaimed in writing by this defendant, (2) that the plaintiff's express warranty claims fail as a matter of law based on the undisputed facts, (3) as do plaintiff's claim for Common Law Fraud, and (4) violations of General Business Law §349 and 350.

1

This Memorandum of Law will be mostly limited to addressing the factual arguments raised by plaintiff in its' Motion for Summary Judgment to the effect that it has established (1) that certain specific implied and express warranties were created, (2) that the defendant committed actionable fraud upon plaintiff, and (3) committed violations under the General Business Law based on their allegations of facts, which Wide World does dispute, to the extent it was not addressed in the earlier Memorandum of Law.

### **RELEVANT FACTS**

The relevant facts for defendant's contentions that plaintiff has failed to establish that the various warranties claimed to exist was addressed in our original Statement of Material Facts that accompanied defendant Wide World's Motion for Summary Judgment which is annexed as an exhibit to my Declaration. To the extent the claimed facts and arguments in plaintiff's motion were not addressed there, they are addressed in my Declaration in Opposition to plaintiff's Motion for Summary Judgment which disputes plaintiff's Statement of Material Facts. Those documents will be relied on to set forth what we claim are the undisputed facts, and as to our argument that certain statement of facts claimed by plaintiff are in dispute. Therefore, I will only discuss as needed the facts of this case along with the cited case law to support our contention that plaintiff's Motion for Summary Judgment must be

denied in its' entirety.  Therefore I will not directly address point by point herein the "Statement of Facts" portion of plaintiff's Memorandum of Law.

Plaintiff basically argues, and defendant disputes, that based upon plaintiff's own conclusory and incorrect interpretation of the CPO Manual, that her car was never properly certified as a CPO Warranty car even though she brought the car to several BMW dealerships and had warranty work performed under the CPO Warranty. The basis of her claim is her argument that the CPO Guidelines as contained in the manual were not followed by Wide World in that she was not provided with certain documents, including the Vehicle Inspection Checklist, a Statement of Certification, and certain disclosure forms. Defendant contends these documents were not required, and did not affect the car receiving a CPO Warranty that has been honored by BMW North America.  It is undisputed that all warranty work has been covered to date. Therefore, even assuming there were deviations from the manual, plaintiff still got what she wanted, a CPO car. As such she has no damages.

Plaintiff further claims certain "technical violations" of the CPO process paperwork; namely that part of the CPO Warranty Checklist was filled out by Isabel Torres, claiming she was not authorized to do so, and that some of her entries are wrong, so they conclude it meant the car never became a CPO Warranty

Vehicle. They also contend that the car should have been disqualified from being certified for CPO status based solely upon the CARFAX report run by Wide World and by a AutoCheck report secured a year later by plaintiff; a report Wide World was not required to obtain. As is set forth in my Declaration, we contend that plaintiff's interpretation of the CPO Manual Requirements is wrong, and in fact, plaintiff has failed to establish violations exist since it's based upon nothing more than counsel's speculation and conjecture. Plaintiff never asked the appropriate questions to get the answers *needed* to provide proof of these contentions. Based on their claim that her car never should have become a CPO vehicle, plaintiff then argues that its attempt to return the car approximately a year and 20,000 miles later, was timely for revocation which we also deny based on the facts

As set forth in my Declaration, we contend that the proper CPO procedures were followed, and even if there were some minor bookkeeping discrepancies, the uncontroverted fact is the car was accepted by BMW North America as a CPO warranty car, and to date BMW North America honored said warranty. As such, plaintiff did get the benefit of the bargain: (1) a CPO Warranty car, and (2) the favorable, promotional financing rate available only for CPO car, which is the primary reason she sought to purchase a CPO car versus a normal used BMW.

That she received what she paid for is crucial given that defendant contends she has no damages related to her claim of breach of express or implied warranty, fraud or violations of General Business Law §349 and §350 (none of which defendant concedes plaintiff has proven exist and were breached, as contended in our motion for summary judgment). None of her claimed damages can be awarded pursuant to relevant case law. It also means plaintiff would not be entitled to the equitable relief of recission, nor did she have a basis to revoke the sale almost a year later. Defendant contends that plaintiff has not sustained any damages allowed by law based upon the claimed breach of the express limited CPO Warranty in that *all* repairs that should have been covered under the warranty have been covered, and that the only remaining expenses incurred by plaintiff are due to her own negligence in maintaining the vehicle, and relate to items that are *not* covered under the warranty.

Plaintiff's contention that she was justified in taking the car off the road, and in seeking to revoke the deal, or to seek recission via this lawsuit based upon the ongoing vibration issue in the car is unsupportable. As has been adequately dealt with in length in our own Motion for Summary Judgment as well as in our separate Motion to Preclude Plaintiff's Expert, the uncontroverted evidence establishes that the cause of the

vibration was that over 20,000 miles of use, all four wheels became bent plus the tires were worn unevenly down to their cords, causing the vibration. As this condition is not a violation of the CPO warranty, plaintiff has no basis for revocation or to seek recission from this Court.

Also, we contend that the hearsay statements in plaintiff's statement of facts and in her declaration

Briefly, we dispute the primary factual contentions made by plaintiff in its motion papers as follows:

- that the vehicle inspection checklist should have noted prior physical damage, which they claim should have been discovered;

- that Wide World was required to disclose damage caused prior to Wide World acquiring the car, not reported on the BMW DCSnet system or on the CARFAX report that the Wide World utilized;

- that per the CARFAX report the car should not been deemed CPO qualified;

- that the car was offered for sale as a CPO Vehicle on 10/10/13 based on the CARFAX report, before it was certified; where we contend the process was not completed before 10/16/13 at the earliest, if not later;

- that the failure to provide certain documents to Plaintiff at delivery meant that the CPO process was never completed and the warranty never issued;

- that based upon the fact that the CARFAX report indicated that the Vehicle was listed as having a commercial owner meant it should never have been certified as a CPO Warranty vehicle;

- that Wide World made representations to plaintiff

6

that the car was accident free, thereby creating
an express warranty;

- when plaintiff went to Wide World with the car
approximately a year later, she had a legal basis
to seek revocation and/or recission *and* complied
with the legal requirements to request revocation
and/or recission.

## STANDARD OF REVIEW ON SUMMARY JUDGMENT GENERALLY

Although the general rule is that summary judgment should
only be granted where the moving party meets its' burden of
proof of establishing the absence of any genuine issues of
material facts, after which the burden shifts to the non-moving
party, §FRC 56 allows summary judgment to be granted on the
basis of an absence of evidence with respect to any essential
element of a claim on which the non-moving party (here, the
plaintiff) will bear the burden of proof at trial. Cavanagh v.
Ford Motor Company, 13-CV-4584, 2017 WL 2805057 (EDNY 6/9/17)
(Locke, M.J.), *adopted*, 2017 WL 2804934 (EDNY 6/28/17)(Seybert,
J.); Chandok v. Klessig, 632 F.3d 803, 812 (2d Cir. 2011); Bay
v. Time Mirror Magazines, Inc., 936 F.2d 112 (2d Cir. 1991);
Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden
on the moving party may be discharged by a showing that there is
an absence of evidence to support the non-moving party's case.
Cavanagh v. Ford Motor Company, *supra*; Goenaga v. March of Dimes
Birth Defects Foundation, 51 F.3d 14 (2d Cir. 1995). To survive
summary judgment, the opposing party must offer admissible

7

evidence showing that its version of the events is not wholly fanciful. Miner v. Clinton County, New York, 541 F.3d 464 (2d Cir. 2008). An adverse party may not rest upon the mirror allegations of the adverse parties' pleadings, but must set forth specific facts showing that they are general issues for trial. See, FRCP 56(e); Diaz v. Paragon Motors of Woodside, Inc., 424 F.Supp2d 519 (EDNY 2006). The non-moving party may not rely on conclusory allegations or unsubstantiated speculation. Diaz v. Paragon Motors of Woodside, Inc. *supra;* Twin Labs Inc. v. Weider Health & Fitness, 900 F2d 566 (2d Cir. 1990). Rather, the non-moving party must produce more than a scintilla of admissible evidence that supports the pleadings. Diaz v. Paragon Motors of Woodside, Inc. *supra.*

As will be discussed below, in many instances the record is devoid of the required proof for plaintiff to prevail on the various counts in its complaint, such that summary judgment should be granted to the defendant, and plaintiff's motion for summary judgment denied.

## ARGUMENT I

**Plaintiff is not entitled to summary judgment for breach of an express warranty because of the claimed deviations from the CPO program and the failure to provide the Vehicle Inspection Checklist**

My previous Memo of Law in Support of our Motion for Summary Judgment set forth the case law under which an express warranty is created under Magnuson Moss based upon applicable New York Law. I will not recite that case law here, as that Memorandum is attached as an exhibit to my Declaration.

Contrary to the assertion of plaintiff, Wide World did not provide multiple express warranties to Ms. Pyskaty. First of all, the express CPO limited warranty was issued by BMW North America, who is not a party to this litigation, and therefore it has not been breached by Wide World. Therefore, even if there was a breach of this claimed warranty, plaintiff does not have a viable cause of action against Wide World. See, 16 CFR 700.4; County of Suffolk v. LILCO, 728 F2d 52 (2d Cir. 1984); County of Westchester v. General Motors, 555 F Supp. 290 (SDNY 1983); Jaffee Assoc. v. Bilsco, 58 NY2d 993 (1983);Meron v. Ward Lbr. Co., Inc., 8 AD3d 805, (3d Dept. 2004); Malul v. Capital Cabinets, 191 Misc.2d 399, (Civ. Ct., Kings Ctny. 3/22/02); Laznovsky v. Hyundai Motor America, Inc., 191 Misc.2d 537; (Dist. Ct. 2002).

Plaintiff is incorrect that Wide World created an additional express warranty by virtue of completing the Certified Pre-Owned Vehicle Checklist. First, plaintiff misquotes and/or misapplies the applicable case law. Murphy v.

9

<u>Mallard Coach Co.</u>, 179 AD2d 187 (3d Dept. 192), cited by plaintiff, dealt with an inspection checklist that was issued to the purchaser at/or prior to time of sale. Further, <u>Murphy v Mallard</u> finding was specifically distinguished later in <u>Laznovsky v. Hyundai Motor America, Inc.</u>, *supra*, which stated that the plaintiff could not rely on <u>Murphy v. Mallard</u> for the finding of an express warranty based upon a pre-inspection checklist. More importantly, this vehicle inspection checklist was not provided to plaintiff at or prior to the completion of the transaction (which plaintiff admits). As such it could never become part of the basis of the bargain, and therefore could not become an express warranty. As plaintiff was never provided with the CPO manual any claim by her that it created a separate express warranty also fails as a matter of law.

Wide World contends it was not required to provide the checklist to plaintiff, and as it did not, it cannot become a separate express warranty. The fact that the plaintiff obtained a copy of it nearly a year later does not change the result. Again, it's noted that the testimony of Wide World through Mr. Ace, Mr. Trontz and Mr. Jackson is that it is used as part of their procedure to verify that the car qualifies for BMW North America's CPO limited warranty, nothing more. Per the CPO Manual they are required maintain it as part of their records. It makes no sense that the failure to provide this checklist somehow

creates a breach of the CPO warranty itself, a warranty that does not reference the checklist. Also, we must not lose sight of the fact that despite her claims, she received the benefit of the bargain as the CPO Warranty has been honored in that all warranty repairs have been done pursuant to that warranty.

As has been already described above in my Declaration disputing plaintiff's Statement of Material Facts, plaintiff is incorrect when it argues in its memorandum that Wide World did not complete the CPO certification process until a year later and that the car was not eligible for the CPO Program because a CARFAX reported it as having a prior commercial owner (whereas a later CARFAX changed it to private lease). Plaintiff has not proven it was a commercial lease to begin with, nor proven that such disqualified the car under the CPO guidelines. I will not repeat herein those arguments. The bottom line is she wanted a CPO warranty car and that's exactly what she received, so there is no breach of the CPO warranty.

### ARGUMENT II

### The plaintiff is not entitled to summary judgment for breach of implied warranties of merchantability under New York Law or Magnuson Moss.

As has already been discussed in our Memorandum of Law in Support of Wide World's Motion for Summary Judgment, all implied warranties including warranty and merchantability were properly

disclaimed in writing, pursuant to applicable law. I will not repeat those cases or arguments here. Therefore, plaintiff's recitation to the case law as to what constitutes an implied warranty is of no significance.

Furthermore, plaintiff's conclusory assertion (that defendant submits has not been proven) that her car was not certified in conformity with the CPO Program is erroneous and of no consequence. Also, plaintiff's conclusory assertion in the memorandum that the vehicle could not possibly pass in the trade without objection is unsupported. Plaintiff merely states in a conclusory fashion that there's been testimony that the vehicle exhibited signs of poor body work and non-factory repainting, as proof it won't pass without objection in the trade. The facts are to the contrary. Wide World was willing to purchase the car for resale despite the condition of that repair work and paint work. They appraised the car, before deciding to purchase it as having a wholesale value of $39,500.00, using 3 different appraisals through "Black Book", "Manahaim", and "Non Core" (see, Plaintiff's Exhibit J-10, page 3). Furthermore, as evidenced by the report of Universal Appraisal, part of which plaintiff conveniently failed to include in their exhibit, the car had evidence of some body work that mainly consisted of cosmetic repairs. He further stated that since no body panels were replaced it would have minimal effect on the overall value

12

of the car. Those missing pages of his report are Defendant's Exhibit 11. He does not in any way state it would not pass without objection in the trade, and clearly his statement implies that it can pass. Furthermore, as has been discussed in the previous Memo of Law and my Statement of Material Facts in Support of our Motion for Summary Judgment, and my Declaration in Opposition of Plaintiff's Statement of Material Facts, the appraisal value of the car is generally based on a condition of excellent, good, average or poor. Even assuming, for example, that these repairs might cause an appraiser to deem the car only to be in fair or even poor condition, does not mean it doesn't have value and can't sold without objection. This is further evidenced by the testimony in this case that Wide World was willing to take the car back in trade a year later with almost 20,000 more miles on it for $35,000. Again, it must be noted that a portion of Universal's report that plaintiff chose to delete provided an estimate as to the cost to repaint the car, thereby rendering it as good as new, which would be in far better condition than it would have been as an average used car at the time it was sold to her; and which she was not entitled to per the CPO Manual.

## ARGUMENT III

### Plaintiff is not entitled to summary judgment for breach of express warranties under New York Uniform Commercial Code.

Here again, plaintiff claims express warranties were created and have been proven to have been breached; namely that it was represented that the car was a CPO qualified, where plaintiff claims it was not. She argues the fact that it was advertised as a CPO warranty car by the dealer online and by various placards and labels affixed to the car is significant. The mere advertisement that the car comes with a CPO Warranty issued by BMW North America does not translate to the creation of a separate express warranty issued by Wide World, notwithstanding the cases cited by plaintiff. Furthermore, plaintiff must prove she relied on those advertisements, which she has not done based on her own testimony. Again, all of this is of no consequence, since the car did receive the CPO express limited warranty that she sought. As such there is no breach of that warranty. More importantly, the plaintiff cannot prove any damages associated with that breach since all warranty repairs *have* been honored by NMW North America.

## ARGUMENT IV

### Plaintiff did not properly revoke acceptance of the vehicle.

First, it is contended that the plaintiff has not proven that the car had a non-conformity which substantially impairs its value, a required part of plaintiff's proof. Again, she received the benefit of a CPO warranty. As such the added value

14

that the car had as a CPO car, was and still remains.
Plaintiff's argument that she timely revoked her acceptance
based upon a misdated statement of certification that she never
received is legally insufficient. It cannot serve as the basis
for her "timely" revocation. Plaintiff cites to no case law for
this proposition. Again, the plaintiff's deposition testimony is
that she went back to the dealership primarily because of the
ongoing vibration of the car which she felt made the car unsafe
to drive. Again, defendant contends the uncontroverted evidence
establishes that that vibration problem was caused by the fact
that over 20,000 miles of driving the car now had four bent
wheels and badly worn tires that caused the vibration. Again,
bent wheels and worn out tires are not covered under the CPO
warranty and easily could have been remedied if the plaintiff
had purchased and replaced them with original equipment BMW
wheels and approved tires, which she did not do. By her own
testimony, she did not go to Wide World claiming she did not
receive a CPO warranty car or that it was not properly
qualified. The fact that she was now aware pursuant to an
AutoCheck report that reportedly the vehicle had been in an
accident was not the basis of her claim for revocation according
to her testimony, and even if it was, would be to no avail. The
fact that after her attempt to renegotiate the deal with Wide
World failed, she retained the expert Mr. Grismer (for whom we

have a Motion to Preclude) to render opinions on the claimed
diminished value of the car based on such items that it had been
sold through and auction or repossessed, would not change the
law as to whether she had a proper basis to revoke. Under New
York's UCC §2-602 and §2-608 plaintiff is required to make a
complete tender of ownership to the seller. Curtis v. Fordham
Chrysler-Plymouth, 81 Misc.2d 566 (Civ. Ct. 1975). Furthermore
plaintiff must revoke acceptance within a reasonable period of
time and before any substantial change in condition of the goods
not caused by their own defects. Kolle v. Mainship Corp., 2006
WL 1085067, 04CV711 (TCP)(MLO)(EDNY 2006). Here, plaintiff never
offered to Wide World all the proper requirements for
revocation: to leave the car with the dealer and turn over title
in return for receiving a refund of the purchase price. Curtis v
Chrysler-Plymouth, *supra*; Kolle v. Mainship Corp., *supra*; UCC
§2-608(2). Plaintiff did none of these things. Also, the car had
substantially changed, now being a year older with 20,000 more
miles thereby depreciating its value. Critically, by making the
offer to revoke contingent on nullifying or otherwise adjusting
the roughly $20,000.00 of negative equity from her previous car
loan that she rolled into the loan on this car, this legally
defeats her claim that she made a proper revocation.

### ARGUMENT V

### Plaintiff is not entitled to summary judgment under General

**Business Law §349.**

Again, this Court is referred to our Memorandum of Law filed with Wide World's Motion for Summary Judgment for the recitation as to general case law applicable here. As we argued there, this Court has already ruled in its' prior decision on the Motion to Dismiss for Lack of Jurisdiction that the incident claimed by plaintiff does not qualify based upon the requirement of a pattern of deceptive practice to the public at large. This Court has already ruled that plaintiff's claim here in fact constitutes an isolated transaction involving an individual consumer. As part of plaintiff's Motion for Summary Judgment now, plaintiff has not submitted any admissible proof to contradict that earlier finding by this Court made based on plaintiff's pleadings. This also ignores the fact that she never later brought a motion to amend her pleading based on additional facts. Plaintiff's recitation to case law doesn't change these facts.

Further, plaintiff's conclusory argument that the car did not qualify as a CPO car and was not fully certified, that she did not receive required damage disclosure and that there were technical deviations from the CPO manual guidelines, doesn't change the outcome as a matter of law. Again, these are conclusory allegations by plaintiff all of which are denied by Wide World, which plaintiff has not proven. She was not

17

"mislead" into believing it was a CPO Warranty Vehicle, as she did receive the CPO Warranty and BMW North America has honored it.

Furthermore plaintiff can prove no proximate damages caused by the claimed fraud. The true measure of damage is indemnity for the actual pecuniary loss sustained as a direct result of the wrong, or what is known as the "out-of-pocket rule". <u>Lamajol Holding Co. v. Smith Barney</u>, 88 NY2d 413 (1996); <u>Dexia SA/NV Dexiasa Holdings, Inc. v. Stanley</u>, 41 Misc.3d 1214(A)(2013). In this instance plaintiff has no provable loss.

### **ARGUMENT VI**

### **Plaintiff is not entitled to summary judgment under General Business Law §350.**

Notwithstanding plaintiff's recitation as to case law, I again refer this Court to my Memorandum of Law in Support of our Motion for Summary Judgment for our contention that as a matter of law plaintiff's claim cannot meet the requirements of GBL §350 with regard to (1) justified reliance, (2) deception on the public generally, and (3) causally related damages.

Once again, plaintiff's claim is based on the conclusory assertions that the car was falsely advertised as a CPO car because it did not meet the CPO requirements. Then, to make matters worse, plaintiff throws in the conclusory assertion that "WWC used and deceptively provided to Ms. Pyskaty a reportedly

18

"clean" CARFAX report in order to mask the vehicle's prior accident history as part of WWC's deceptive scheme". Even reviewing plaintiff's statement of facts, which is disputed in my declaration in opposition, there is no proof of this. In fact, plaintiff's own testimony establishes that this statement by counsel is untrue.

Contrary to the conclusory claim by counsel, there's no proof that the salesperson knew of the accident damage, and there is no proof Wide World was required to disclose it to her as part of the CPO process. Again this is discussed in our own Motion for Summary Judgment, Statement of Facts, and Memorandum of Law, plus discussed at length in my Declaration in Opposition to plaintiff's motion.

Plaintiff's recitation to the Georgia Supreme Court case of Raysoni v. Payless Auto Deals, LLC, 296 GA. 156 (GA.S.CT.2004) is unavailing. First, it has no precedent for this Court, as based on Georgia law. Further, that decision been distinguished and/or not followed by other Georgia Courts. More importantly, the facts are different, making its application to our case improper. In that case it was established that the dealer knew the car had been in an accident, made the false statement that it had never been in an accident, and then later offered the CARFAX report as proof, knowing the report was wrong. Clearly that is distinguishable from the circumstances here. Wide World

salesman Hasan Moon made no independent statement that he knew and was guaranteeing that the car was accident free. Plaintiff's own testimony establishes that all he did was represent that it had a clean CARFAX, which he provided to her. There is no proof by plaintiff that he knew of any prior damage. Again, the facts establish that CARFAX had its own disclaimer on accuracy as did all the purchase documents plaintiff signed. I will not re-discuss this again.

Finally, plaintiff has offered no proof to support the conclusory assertion in the Memorandum of Law that she suffered a proximate injury as a result of plaintiff's conduct, as I have already argued in point **V**, above.

### **ARGUMENT VII**

### **Plaintiff is not entitled to recission/revocation.**

Plaintiff cites to this Court's earlier decision on the Motion to Dismiss for Lack of Jurisdiction for the proposition that recission can be obtained in lieu of the normal computation of damages where the breach of contract is so "substantial and fundamental to defeat the purposes of the contract". We do not dispute that case law, but simply submit that plaintiff, if it should prevail on any of its causes of action, can be made whole through the usual award of damages, namely the diminished value of the vehicle, minus the value of her use of the vehicle during the time of ownership. See, Pyskaty v. Wide World of Cars, LLC,

*supra,* and cases cited therein. Plaintiff has not shown she cannot receive an adequate remedy unless the equitable relief of recission is awarded. Plaintiff's "proof" is her conclusory statements that she received a vehicle with an incomplete CPO Certification, and was unqualified. More significantly, she has not submitted any admissible proof of proximately related damages, and certainly no proof that without recission she cannot be made whole.

Furthermore, plaintiff's claim in its memorandum of law that the CPO manual provides the remedy of recission is a conclusory statement. Plaintiff merely cites to the language in the CPO Manual that if a car was ineligible to be enrolled "the Center must advise the customer in writing that it was incorrect and take whatever steps necessary to satisfy the customer including re-purchase". First, we disagree with plaintiff's interpretation of the CPO Manual. More importantly, BMW North America has never voided the warranty so there are no corrective steps that need be taken by this defendant, and certainly not to rescind.

<strong><u>CONCLUSION</u></strong>

Wide World contends that plaintiff's conclusory allegations as to the deficiency in the CPO certification process by Wide World is erroneous both factually and as a matter of law. Defendant contends that per the CPO Manual that even if it did

21

become aware of prior damage (which it denies), since that damage did not occur while the car was in their possession, and not recorded on the CARFAX report they obtained, nor reported on the BMW DCSnet system, that they had no obligation to disclose any prior accident damage assuming they were aware of same. Again, there is no such proof of that awareness despite plaintiff's contention.

Therefore factually, plaintiff has no basis to claim a breach of the express or implied warranties, nor submitted proper proof of fraud, or violations of General Business Law §349 or §350. Plaintiff received the benefit of the bargain, namely a CPO warranty car, a warranty which has been honored by BMW North America.

Defendant submits as a matter of law plaintiff has not proven a breach of any of its causes of action for express or implied warranties, for Common Law Fraud or the General Business Law violations. Defendant contends, as evidenced by its separate Motion for Summary Judgment to Dismiss Plaintiff's Complaint, that not only must this Court deny plaintiff's Motion for Summary Judgment, but must grant defendant Wide World's Motion for Summary Judgment dismissing plaintiff's complaint in its entirety.

Dated: Poughkeepsie, New York
       August 31, 2018.

22

Yours etc.,

LaRose & LaROSE
Bar Roll No: KL2012
Attorneys for Defendants
WIDE WORLD OF CARS, LLC,
d/b/a WIDE WORLD BMW
Poughkeepsie, NY 12601
(845) 454-2001
Email:laroseandlarose@gmail.com

TO:   SCHLANGER LAW GROUP, LLP
      Attorneys for Plaintiff
      9 East 40th Street, Suite 1300
      New York, NY 10016
      (914) 946-1981

      BIEDERMANN HOENIG SEMPREVIVO
      A Professional Corporation
      Attorneys for Defendant
      BMW Bank of North America
      One Grand Central Place
      60 East 42nd Street, Suite 660
      New York, New York 10165
      (646) 218-7560